UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------- x

In re                       :          Case No. 23-22239 (CGM)

                            :

CAREN B. LITKOWSKI,       :          Chapter 13

                            :

                Debtor.       :

------------------------------------------------------- x

## ORDER (I) GRANTING RELIEF FROM THE AUTOMATIC STAY AND (II) GRANTING *IN REM* RELIEF FROM THE AUTOMATIC STAY

Upon the motion (the "Motion") of TRI-STATE III LLC (hereinafter "Secured Creditor") for an Order pursuant to 11 U.S.C. §§ 362(d)(1), (d)(2), and (d)(4), for *in rem* relief from the automatic stay to be imposed in subsequent cases under 11 U.S.C. § 362(d)(4), such that any and all future filings under the Bankruptcy Code during the next two (2) years by the Debtor or any other person or entity with an interest in the Property shall not operate as a stay as to Secured Creditor's enforcement of its rights in and to the property located at **Section 41.14, Block 1, Lot 70** on the tax maps of the County of Rockland, and more commonly known as **196 Grandview Avenue, Monsey, New York 10952** (the "Property"); and due notice having been provided; and Debtor having filed opposition to the Motion; and a hearing on the Motion having been held on May 24, 2023 ("Hearing"), at which counsel for Secured Creditor and the Debtor appeared; and the Court having determined at the Hearing, for the reasons stated on the record thereat, that the filing of the Debtor's instant bankruptcy petition was part of a scheme to delay, hinder, and defraud creditors that has involved, *inter alia*, multiple bankruptcy filings by the Debtor; after due deliberation and good and sufficient cause appearing therefor; and upon the record of the Hearing and the proceedings had herein; it is hereby,

**ORDERED** that the Motion is granted in its entirety for the reasons stated at the Hearing and in light of Secured Creditor's showing of entitlement to the relief sought; and it is further

**ORDERED** that the automatic stay in effect pursuant to 11 U.S.C. § 362(a) is hereby lifted and vacated so as to permit Secured Creditor to pursue their rights under applicable law with respect to the foreclosure of the Property and/or the termination of the Debtor's rights to the Property; and it is further

**ORDERED** that, pursuant to 11 U.S.C. § 362(d)(4), and provided that this Order is recorded in compliance with applicable New York law governing notices of interests or liens in real property, this Order terminating the automatic stay for cause under 11 U.S.C. § 362(a) as to Secured Creditor's interest in the Property shall be binding in any other case filed under the Bankruptcy Code purporting to affect the Property that is filed not later than two (2) years after entry of this Order, such that the automatic stay under 11 U.S.C. § 362(a) shall not apply to Secured Creditor's interest in the Property, except that a debtor in a subsequent case under this title may move for relief from this Order based upon changed circumstances and for good cause shown, after notice to the Secured Creditor or its successors-in-interest and a hearing; and it is further

**ORDERED** that the fourteen (14) day stay pursuant to Bankruptcy Rule 4001(a)(3) is hereby waived, for cause, upon the Secured Creditor's showing and the Court's determination that the filing of the Debtor's instant bankruptcy petition was part of a scheme to delay, hinder, and defraud creditors that has involved, *inter alia*, multiple bankruptcy filings by the Debtor.

/s/ Cecelia G. Morris



**Dated: June 1, 2023**
**Poughkeepsie, New York**

_____
**Hon. Cecelia G. Morris**
**U.S. Bankruptcy Judge**